STAFFORD LEE ROSS, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ross v. Commissioner
Docket No. 19834-82
United States Tax Court
T.C. Memo 1983-624; 1983 Tax Ct. Memo LEXIS 161; 47 T.C.M. (CCH) 10; T.C.M. (RIA) 83624; October 11, 1983
Stafford Lee Ross, Jr., pro se. Mark S. Priver, for the respondent. COHEN
MEMORANDUM OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioner's income taxes as follows: Year
Deficiency in
Additions to Tax, I.R.C. 1954
Ended
Income Tax
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654(a)
1979
$7,849.80
$1,962.45
$392.49
$329.69
1980
7,148.52
1,787.13
357.43
457.50
Petitioner did not file tax returns for either of the years in issue. Respondent, therefore, determined the deficiencies and additions to tax based upon assumption of single filing status; 1 personal exemption; and no itemized deductions in excess of the statutory "zero bracket" amount. At the time he filed his petition *162 herein, petitioner was a resident of Northridge, California. In the petition and in various documents filed subsequent to the petition, petitioner asserted frivolous protestor-type arguments. [1] At the time his case was called for trial on July 11, 1983, however, petitioner accepted the invitation of the Court and of respondent's counsel to attempt to secure allowance of any deductions to which he was entitled by meeting with agents of respondent. As a result of such meetings, it has been stipulated that petitioner had wages of $30,706 in 1979 and $29,059 in 1980 and that he incurred the following deductible personal expenses: Item
1979
1980
Interest
$41.92
$11.58
Finance Charges
646.08
1,076.46
Medical Expenses
6,226.25
Petitioner testified that he was not married as of the end of 1979 but that he paid child support during that year for a daughter who was not living with him. He has not, however, satisfied his burden of proving that he was entitled to a dependency *163 exemption under section 152(e), I.R.C. 1954. He has not presented any evidence with respect to the addition to tax, and those issues must therefore be determined against him. See Rules 142(a) and 149(b), Tax Court Rules of Practice and Procedure.
As a result of his cooperation with respondent, petitioner's final tax liability for 1979 will be significantly reduced below respondent's initial determination. The additions to tax that he has incurred as a result of his failure to file returns, i.e., the cost of his misadventure with tax protest, will still exceed the amount he now salvages. Interest on the deficiencies will also be substantial. Others similarly situated should take note, therefore, that belated cooperation is not the equivalent of compliance with their duties to file timely tax returns and to pay the tax due through withholding from their wages or as otherwise required by law. Decision will be entered under Rule 155.
Footnotes
1. The petition and other filings were identical to those described in Langseth v. Commissioner,T.C. Memo. 1983-576↩, and cases cited in note 3 to that opinion.